Jean Duncan, Executive Director Kansas Real Estate Commission Three Townsite Plaza, Suite 200 120 S.E. 6th Ave. Topeka, Kansas 66603-3511
Dear Ms. Duncan:
As Executive Director of the Kansas Real Estate Commission, you requested we review American Home Shield Corporation's plan to market an extension of brokers' errors and omissions insurance to the broker's seller-clients, and determine whether a real estate broker participating in the plan would violate the prohibition against gifts and gratuities found in the Kansas Real Estate Brokers and Salespersons Act.
Based on the information presented, we understand that American Home Shield Corporation (AHS) sells home warranty contracts to sellers through real estate brokers, frequently during the listing period. In this capacity, the real estate broker serves as an agent of AHS who is authorized to sell home warranty contracts to the broker's seller-clients. In addition, AHS acts as an insurance broker for Fireman's Fund and sells errors and omissions insurance to real estate brokers. This real estate broker insurance policy allows for an "extension" of coverage to the broker's seller-client, if the seller-client purchases an AHS home warranty.
This errors and omissions insurance program has two features that are automatically triggered when a real estate broker purchases an errors and omissions policy from AHS and subsequently sells an AHS home warranty to a seller-client: (1) that broker will receive a reduced deductible on his AHS errors and omissions policy if a claim is made against him in connection with the sale of the property; and (2) that seller-client will be entitled to be defended by the broker's insurance company (Fireman's Fund) for claims which are made against the seller, or against the broker and the seller, in connection with the sale of the property. AHS characterizes the inclusion of the real estate broker's seller-client within the broker's errors and omissions insurance coverage as an "extension" of the broker's coverage.
The issue presented is whether by participating in this AHS "program," a broker violates K.S.A. 1997 Supp. 58-3062(a)(11). That statute prohibits brokers from "offering or giving prizes, gifts or gratuities which are contingent upon an agency agreement or the sale, purchase or lease of real estate." A review of the legislative history of this statute demonstrates a clear expression of public policy by a Legislature committed to outlawing any form of prize, gift or gratuity by a real estate broker as an inducement to attract clients.[1] Clearly, the Kansas Legislature wishes to prohibit any connection between real estate transactions and free inducements.
We have previously opined that the "gifts and gratuities" provision should be construed to mean that a broker is prohibited from "offering or giving anything of value, other than the broker's services as a broker, which is contingent upon an agency agreement with a client or the sale, purchase or lease of real estate."[2] Thus, to determine whether this statute is violated, three factors must be considered:
 • Whether anything of value is being offered or given by the broker to his seller-client.
 • If so, whether the thing of value being offered or given is something beyond the broker's services as a broker.
 • If so, whether the thing of value being offered or given is contingent upon an agency agreement, or the sale, purchase or lease of real estate.
We must first determine whether the "extension" of a real estate broker's errors and omissions insurance coverage is something of value to his seller-client. AHS states that the broker's errors and omissions coverage which may be extended to a broker's seller-client is an "added feature" beyond the home warranty itself. Specifically, according to AHS the seller-client would be "entitled to defense for EO claims that would include or be made against the seller in connection with the sale of their property." (Describing its motivation for offering such an "extension" of a real estate broker's errors and omissions coverage, AHS explained, "From a practical point of view in terms of litigation, the insurance company is minimizing cross-claims between the seller and the seller's real estate broker which would normally arise when a buyer of real estate makes a claim against the seller in a real estate transaction.") In addition, according to AHS, the "availability of insurance coverage to the seller also provides additional liquidity in which to resolve legitimate disputes. . . ." The seller would thus presumably also receive a measure of insurance coverage without payment of any premium.
While the seller may choose to buy the AHS home warranty to begin with, the difficulty arises with the "added feature" of insurance coverage and entitlement to defense for any errors and omissions claims which might subsequently be made against the seller, or the seller and the broker, in connection with the sale of their property. In our opinion, this insurance coverage and promise of legal defense has value. Thus, in our opinion, the "extension" of a real estate broker's errors and omissions insurance coverage is something of value which a broker (acting as an AHS agent) would offer to his seller-client under the described AHS program.
We must next determine whether the thing of value being offered is something beyond the broker's services as a broker. The Kansas Supreme Court has described a broker as "an agent who for a commission or brokerage fee, carries on negotiations on behalf of his principal as an intermediary between the latter and third persons in transacting business relative to the sale or purchase of contractual rights or any form of property."[3] Additionally, a broker is statutorily defined as an individual who advertises or represents that he engages in the business of buying, selling, exchanging or leasing real estate or who, for compensation, engages in specified activities in relation to the buying, selling, exchanging or leasing of real estate on behalf of an owner, purchaser, lessor or lessee of real estate.[4]
We have previously opined that "in order for a particular service to be considered a broker service, a reasonable nexus must exist between the particular service and one or more of the primary broker activities specified"[5] in the statutory definition of "broker." Since K.S.A. 1997 Supp. 58-3035(e) which defines "broker," is void of any mention of brokers providing a means of financial and legal assistance to sellers in relation to post-sale claims or litigation, in our opinion this "reasonable nexus" requirement is not satisfied.
Finally, we must determine whether the thing of value being offered is contingent upon an agency agreement, or the sale, purchase or lease of real estate. One of the automatic "triggers" for the extension of a real estate brokers insurance coverage to a seller-client is pulled when the seller-client purchases an AHS home warranty. According to AHS, "sellers frequently purchase a home warranty contract during the listing period. . . ." While not statutorily defined, "listing" is a commonly understood real estate industry term which implies an agency relationship has been created between the broker and seller.[6] In Kansas, this relationship is established when a broker and a seller-client enter an agency agreement.[7] Assuming a broker has previously purchased errors and omissions insurance through AHS (the other "trigger"), the broker may then offer the "added something of value" once a person has entered an agency agreement with the broker, i.e. "listed" with the broker, and has thus become the broker's seller-client. Clearly, the thing of value being offered is contingent upon an agency agreement between the broker and his seller-client.
In conclusion, a real estate broker is prohibited from offering or giving anything of value, other than the broker's services as a broker, that is contingent upon an agency agreement with a client or the sale, purchase or lease of real estate. In the errors and omissions insurance program described, a real estate broker would be offering a seller-client something of value, other than services as a broker, that is contingent upon an agency agreement. Thus a real estate broker who participated in the AHS program as described would be in violation of K.S.A. 1997 Supp.58-3062(a)(11).
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Camille Nohe Assistant Attorney General
CJS:JLM:CN:jm
[1] See Attorney General Opinion No. 94-17 for a detailed presentation of the legislative history of K.S.A. 58-3062(a)(11).
[2] Attorney General Opinion No. 94-17.
[3] Henderson v. Hasser, 225 Kan. 678, 683 (1979).
[4] K.S.A. 1997 Supp. 58-3035(e).
[5] Attorney General Opinion No. 94-17.
[6] State v. Rentex, Inc., 365 N.E.2d 1274 (Ohio 1977).
[7] K.S.A. 1997 Supp. 58-30,102(b) and (c).